UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMANDA DOUGHERTY, individually
and as a representative of a class,

          Plaintiff,

  v.

BARRETT BUSINESS SERVICES, INC.,

          Defendant.

C15-1501 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)    Plaintiff's motion to compel discovery, docket no. 52, and defendant's cross-motion for a protective order, docket no. 54, are each GRANTED in part and DENIED in part. Plaintiff seeks to represent a nationwide class of individuals as to whom defendant obtained a consumer report for employment purposes during the period from August 26, 2013, to the present. <u>See</u> Compl. at ¶ 50 (docket no. 1-1). Plaintiff claims that defendant did not properly obtain consent before procuring such consumer reports because it did not comply with the Fair Credit Reporting Act ("FCRA"), which requires that a "clear and conspicuous" written disclosure be made to a consumer before a consumer report is procured, "in a document that consists solely of the disclosure," indicating that a consumer report may be obtained for employment purposes. 15 U.S.C. § 1681b(b)(2)(A)(i). Such disclosure may be made on the same document in which the consumer authorizes the procurement of a consumer report. <u>Id.</u> at § 1681b(b)(2)(A)(ii). Plaintiff contends that the authorization form provided by defendant, which she signed, did not satisfy the FCRA's stand-alone disclosure requirement because it contained the following language:

> I indemnify, release, and hold harmless the Company, any agents of the Company, or others reporting to or for the Company, any investigators, all former employers, reporting agencies, and all those supplying references and character references, from any and all claims, defamation, demands,

MINUTE ORDER - 1

and/or liabilities arising out of, or related to, such investigations, disclosures, or admissions.

Ex. 1 to Compl. (docket no. 1-1 at 17). The parties are currently engaged in discovery on class certification issues. The deadline for filing a motion for class certification is currently July 10, 2017. The Court has indicated that a scheduling conference will be set after any motion for class certification is resolved, but that, in the absence of such motion, the parties must file a Joint Status report by July 14, 2017. *See* Minute Order at ¶ 2 (docket no. 47). No deadline has been set yet for completing fact discovery. The pending cross-motions concern plaintiff's Requests for Production ("RFPs") Nos. 4–8 and Interrogatories Nos. 2 and 4, which are addressed seriatim below.

(a) RFP No. 4: Plaintiff has requested a copy of "each version of any document *distributed*" by defendant during the proposed class period that "*pertains* to Background Information, Background Checks, and/or consumer reports." RFP No. 4, Ex. B to Drake Decl. (docket no. 53-2) (emphasis added). Defendant's objection to this request is SUSTAINED in part and OVERRULED in part. To the extent that RFP No. 4 encompasses documents other than the forms purporting to make the requisite FCRA disclosure or used to obtain the necessary authorization to procure a consumer report, the discovery request is, at this stage of the litigation, overbroad. In addition, because plaintiff's claim is grounded on the inclusion of indemnification or release language in the disclosure and authorization form she was given, she cannot serve as an adequate class representative for individuals who might allege a different type of defect in other forms used by defendant.[1] Plaintiff is entitled, however, to explore, for purposes of determining the potential size, scope, and nature of any class, what other disclosure or authorization forms defendant used during the proposed class period that contained an indemnity, release, and/or hold harmless provision, inclusion of which the United States Court of Appeals for the Ninth Circuit has recently held

---

[1] Defendant has indicated that, before this litigation commenced, it did not use a standardized disclosure or authorization form across all of its 57 branches throughout the United States. *See* Wiswall Decl. at ¶ 6 (docket no. 55). Rather, until recently, disclosure or authorization forms were generally prepared by the various vendors that performed the requested background checks. *See* Gallo Decl. at ¶¶ 5-7 (docket no. 56). For example, the form plaintiff signed when she applied to work for Merry Maids, a client of defendant's Baltimore branch, was apparently supplied by Quick Search, a private investigation firm based in Texas. *See* Ex. 1 to Compl. (docket no. 1-1 at 17). In connection with plaintiff's motion to compel, plaintiff's counsel submitted two forms she obtained via the Internet that she believes illustrate what she seeks in discovery. *See* Exs. A & F to Drake Decl. (docket nos. 53-1 & 53-6). Neither of these forms, however, supports plaintiff's motion. The "Employment Background Authorization" form used by defendant's client Enterprise Masonry Corporation, which plaintiff's counsel accessed at http://www.emcbrick.com, indicates that it is or was used only to investigate criminal history; the box for credit (or consumer) reports is not checked. *See* Ex. A to Drake Decl. The "Release Authorization" form plaintiff's counsel downloaded from http://www.gta-ride.com, the website for the Grant County (Washington) Transit Authority, does not contain any indemnification or release language, and thus, further discovery regarding this form would not assist plaintiff in identifying individuals to whom she is similarly situated.

MINUTE ORDER - 2

constitutes a willful statutory violation, as a matter of law. *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017). Plaintiff's motion to compel a substantive response to RFP No. 4 is therefore GRANTED in part, and defendant is DIRECTED to produce to plaintiff, within thirty-five (35) days of the date of this Minute Order, each version of each FCRA disclosure and/or authorization form actually used by defendant and/or any of its vendors during the proposed class period to procure for any of defendant's clients a credit or consumer report in connection with an employment application.

(b) RFP No. 5: Plaintiff seeks "[a]ll documents including, but not limited to, policies, procedures, materials, manuals, handbooks, instructions, directions, or guidance that relate to . . . [defendant's] policies, practices or procedures for obtaining and using Background Information, Background Checks, and/or consumer reports." RFP No. 5 (docket no. 53-2 at 11). Plaintiff's motion to compel a substantive response to RFP No. 5 is GRANTED in part, and defendant is DIRECTED to either (i) provide to plaintiff a written response indicating that no policies, procedures, manuals, handbooks, or instruction sheets of nationwide applicability, concerning the procurement of a credit or consumer report in connection with an employment application, exist, or (ii) produce to plaintiff any responsive documents of nationwide applicability within thirty-five (35) days of the date of this Minute Order. In addition, with respect to each branch for which forms responsive to RFP No. 4, as modified by the Court in Paragraph 1(a), above, must be produced, defendant is DIRECTED to produce to plaintiff, within thirty-five (35) days of the date of this Minute Order, any written policy or procedure and/or any manual, handbook, or instruction sheet, which was in effect in such branch during the proposed class period, concerning the procurement of a credit or consumer report in connection with an employment application. The Court is persuaded that plaintiff is entitled to such materials for the purpose of assessing the commonality of putative class members' claims. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).

(c) RFP No. 6: This request, which asks for all documents that defendant contends constitute the requisite FCRA disclosure and/or authorization, is duplicative of RFP No. 4. Defendant's response to RFP No. 4, as modified by the Court in Paragraph 1(a), above, shall be deemed also responsive to RFP No. 6.

(d) RFP No. 7: Plaintiff seeks all drafts of disclosure and/or authorization forms and all documents relating to the creation or revision of such forms. Defendant's objections are SUSTAINED in part and OVERRULED in part. Because plaintiff's request is not limited by (i) when the drafts or documents were generated, (ii) whether defendant, as opposed to one of its vendors, was involved in the formation or editing process, or (iii) whether the form at issue was ever used to procure a consumer report in connection with an employment application, the Court is persuaded that RFP No. 7 seeks a substantial amount of irrelevant (and potentially privileged) material, the production of which would be

burdensome and disproportional to its likely benefit and the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff's motion to compel a substantive response to RFP No. 7 is, however, GRANTED in part, and defendant is DIRECTED to produce to plaintiff, within thirty-five (35) days of the date of this Minute Order, all drafts of the "Authorization Form" executed by plaintiff in connection with her application to work for Merry Maids in Baltimore, if any exist and are in defendant's possession, custody, or control.

      (e)    RFP No. 8: Plaintiff has asked for all agreements in effect during the proposed class period between defendant and its various vendors that provide consumer reporting services. Defendant's objections are SUSTAINED in part and OVERRULED in part. The Court is persuaded that RFP No. 8 seeks a substantial amount of irrelevant (and perhaps confidential) material, the production of which would be burdensome and disproportional to its likely benefit and the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff's motion to compel a substantive response to RFP No. 8 is, however, GRANTED in part, and defendant is DIRECTED to produce to plaintiff, within thirty-five (35) days of the date of this Minute Order, copies of all agreements in effect during the proposed class period between any of defendant's branches and Quick Search.

      (f)    Interrogatory No. 2: This interrogatory demands that defendant identify all of its branch offices, as well as all of the vendors used during the proposed class period to conduct backgrounds checks, sorted by branch. Most of the relevant information sought in this interrogatory will be available from defendant's responses to RFP No. 4, as modified by the Court in Paragraph 1(a), above. Plaintiff's motion to compel a substantive response to Interrogatory No. 2 is GRANTED in part, and defendant is DIRECTED to answer Interrogatory No. 2, within thirty-five (35) days of the date of the Minute Order, by providing the following items: (i) a list of the locations, by street address, city, and state, of each of defendant's 57 branches; and (ii) a table of the materials responsive to RFP No. 4, indicating the branch, vendor, and effective dates associated with each of the various forms at issue.

      (g)    Interrogatory No. 4: This interrogatory, which asks defendant to identify by Bates number each version of any document used during the proposed class period that defendant contends constitutes the requisite FCRA disclosure or authorization and to describe the time period during which and location at which each such document was used, is duplicative of RFP No. 4, and will be deemed answered when defendant provides to plaintiff the table required in Paragraph 1(f), above.

Except as specifically granted in Paragraphs 1(a)-(g), plaintiff's motion to compel is DENIED and, as to matters on which plaintiff's motion to compel is denied, defendant's motion for protective order is GRANTED. The parties do not appear to have sought, and

the Court declines to award, any attorney's fees or costs in connection with these cross-motions concerning discovery.

(2) Plaintiff's motion, docket nos. 60 & 62, to determine that defendant has waived its attorney-client privilege with regard to certain documents is DENIED. The Court is satisfied that the unredacted materials at issue, Exs. 2 and 3 to Drake Decl. (docket nos. 62-1 & 62-2), are protected by defendant's attorney-client privilege, that the materials were inadvertently produced to plaintiff, and that defendant has taken the steps necessary to preserve its attorney-client privilege. Plaintiff is DIRECTED to return to defendant, as soon as practicable and no later than seven (7) days after the date of this Minute Order, all copies of the unredacted versions of Exhibits 2 and 3. Plaintiff will not be permitted, absent prior approval of the Court, to use for any purpose the unredacted versions of Exhibits 2 and 3 or any quotation, paraphrase, or summary of the privileged contents thereof.

(3) The parties' stipulated motion to extend case deadlines, docket no. 72, is DENIED in part and GRANTED in part, as follows. The parties' proposal to submit a proposed case schedule at a later date is denied. The deadlines set forth in the Minute Order entered December 20, 2016, docket no. 47, are EXTENDED as follows:

| | |
|---|---|
| Deadline for completing discovery on class certification issues | July 14, 2017 |
| Deadline for filing any motion for class certification | August 14, 2017 |
| Deadline for filing a response to any motion for class certification | September 13, 2017 |
| Deadline for filing a reply in support of any motion for class certification (and the noting date of any such motion) | September 29, 2017 |
| Deadline for filing a Joint Status Report in the event that no motion for class certification is timely filed | August 18, 2017 |

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 18th day of May, 2017.

                                           William M. McCool
                                           Clerk

                                           s/Karen Dews
                                           Deputy Clerk